```
            UNITED STATES BANKRUPTCY COURT
            WESTERN DISTRICT OF VIRGINIA
                 LYNCHBURG DIVISION
```

IN RE:

LISA M. KIRKLAND                              CHAPTER 13
      Debtor                          CASE # 01-00627

_____/

LISA M. KIRKLAND
      Plaintiff                       ADVERSARY PROCEEDING

V.

SALLIE MAE
ECMC
      Defendant

_____/

### COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

Comes now, Lisa M. Kirkland, Plaintiff, by Counsel, and files this Complaint pursuant to Bankruptcy Code §1328 and Bankruptcy Rule 4007, and seeks from the Court the entry of an Order Determining that the debt owed to said Creditors as herein stated below is discharged less and except any interest that may have accrued since the time of filing; and in support thereof states unto the Court as follows:

1. That the Debtor filed a Chapter 13 Bankruptcy on February 23, 2001 at which time she proposed a Chapter 13 plan paying back 100% of her unsecured creditors.

2. At the time of the filing, she listed as a creditor, Sallie Mae for student loans incurred by her prior to her bankruptcy filing.

3. That during the pendency of the Chapter 13 Bankruptcy, the Chapter 13 Trustee paid the sum total of $11,142.40 toward her student loans.
4. That the Debtor is aware that interest that accumulated during the term of the Chapter 13 would be non-dischargeable, however upon obtaining a discharge, Sallie Mae send her a bill for $5,855.92 and stated as the basis of the claim, two loans which they allege were not paid in the Chapter 13 Bankruptcy.
5. That despite numerous requests for documentation concerning the amount claimed, they have failed to provide a full and complete accounting of the claims alleged and the claims that were paid.
6. That based on proof of claims filed with the Bankruptcy Court, the debts that they are now seeking to recover from the Debtor, should have been paid by the Chapter 13 Trustee.
7. That the actions of Sallie Mae have substantially affected her credit rating and that the Debtor has no other recourse except to reopen her case to litigate this matter before this court.

Wherefore the plaintiff respectfully requests that the court determine the debt owed to the Defendants as having been paid in full and discharged except to the extent of any interest that may have incurred on behalf the account while pending during the bankruptcy proceeding, and further that the court award costs and attorney's fees.

                                                Lisa M. Kirland

                                        /s/Stephen E. Dunn
                                                OF COUNSEL

STEPHEN E. DUNN, ESQ.
201 Enterprise Drive
Suite A
Forest, VA  24551


CERTIFICATE OF SERVICE

I, Stephen E. Dunn, do hereby certify that I have mailed a copy of the foregoing Complaint to Determine Dischargeability to the Sallie Mae at P.O. Box 9500 Wilkes Barre, Pa.  18773 and to ECMC at 1002 Arthur Drive, Lynn Haven, Fl.  32444

                                        /s/Stephen E. Dunn
                                             Stephen E. Dunn