**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF VIRGINIA**
**LYNCHBURG DIVISION**

| | | |
|---|---|---|
| In re: LISA M. KIRKLAND, | ) | Case No. 01-00627-LYN |
| | ) | |
| Debtors. | ) | |
| | ) | |
| LISA M. KIRKLAND | ) | Adv. No. 07-06057 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SALLIE MAE and EDUCATIONAL CREDIT MANAGEMENT CORPORATION, | ) ) ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |

**MEMORANDUM**

This matter comes before the Court on a complaint filed by Lisa M. Kirkland ("the Debtor") seeking a determination that certain debts arising from student loans have been paid in full, except for interest that accrued during the pendency of the case.

The defendants are Sallie Mae and Educational Credit Management Corporation ("ECMC"). Sallie Mae and ECMC are referred to collectively herein as "the Defendants".

*Jurisdiction*

This Court has jurisdiction over this matter. 28 U.S.C. § 1334(a) & 157(a). This proceeding is a core proceeding. 28 U.S.C. § 157(b)(2)(A). This Court may enter a final order. This memorandum shall constitute the Court's findings of fact and conclusions of law as required by Fed. R. Civ. P. 52, which is made applicable in this proceeding by Fed. R. Bankr. P. 7052.

1

*Facts*

*The Student Loans.* Between 1989 and 1995, the Debtor borrowed money to attend college on eight different occasions. Each occurrence constituted a separate loan. The Defendants' counsel describe Sallie Mae as the "lender" on each of the eight loans.[1] Three different entities, ECMC, United Student Aid Funds, Inc. ("USAF"), and the New Jersey Higher Education Assistance Authority ("NJHEAA") guaranteed the loans. These three entities are referred to collectively herein as "the Sallie Mae Guarantors".

*Sallie Mae's Proofs of Claim.* The Debtor made payments toward the loans for a period of years. On February 23, 2001, the Debtor filed a petition initiating the above-styled chapter 13 bankruptcy case. Sallie Mae filed five proofs of claim, two of which were disallowed because they were duplicative or late-filed or both.[2] The allowed claims were claim no. 6 in the amount of $8,126.72, claim no. 7 in the amount of $2,680.59 and claim no. 9 in the amount of $4,737.27. None of the proofs of claim provided the name of the guarantors. On May 31, 2001, Sallie Mae filed an assignment of claim no. 6 with the Clerk of the Court assigning the claim to USAF. Neither Sallie Mae nor any other entity ever filed an assignment of claim for either claim no. 7 or claim no. 9.

*The Debtor's Chapter 13 Plan.* The Debtor's chapter 13 plan provided for payments totaling $32,402.00 to unsecured creditors including $28,048.00 to "Class B" unsecured creditors. Neither Class A nor Class B is defined in the plan. Neither Sallie Mae nor any of the Sallie Mae

---

[1] Defendants Brief, [p.2]. This fact notwithstanding, the only original "Notice of Loan Guarantee and Disclosure Statement[s]" provided by the Defendants to the Debtor indicate that the lender is Nellie Mae for loans 1 and 2.

[2] Claim no. 12 was disallowed by an order of this Court entered on Docket as Docket no. 45 on October 30, 2002. Claim no. 15 was disallowed by an order of this Court entered on Docket as Docket no. 56 on December 16, 2005.

Guarantors is mentioned in the plan by name. The plan provided for the payment of $700.00 per month for 60 months. The plan further provided that the unsecured creditors were to receive 100% of their claims. The Debtor intended that the claims of Sallie Mae be paid in full, except for interest that accrued during the pendency of the chapter 13 case.

*Performance under the Chapter 13 Plan.* During the pendency of the case, the Debtor made payments totaling $38,500.00, the equivalent of 55 payments of $700.00 each.[3] This constitutes five payments less than provided for by the plan. This is in part because the Chapter 13 Trustee's Final Report lists the three Sallie Mae claims in amounts that are less than the amounts of the proofs of claims filed by Sallie Mae. The report lists claim no. 6 as allowed in the amount of $7,605.72, claim no. 7 as allowed in the amount of $2,277.59, and claim no. 9 as allowed in the amount of $3,536.68.[4]

After the Debtor had made the 55 payments of $700.00 each, the chapter 13 trustee refunded $4,049.21 to the Debtor and filed the Final Report indicating that all unsecured claims had been paid in full.

The trustee filed the final report, the order of discharge was entered on docket, and on February 27, 2006, the case was closed in the normal course.

*Post-Closing Facts.* After the Debtor's bankruptcy case was closed, Sallie Mae began dunning the Debtor in the approximate amount of $5,000.00. Counsel for the Debtor requested documentation from Sallie Mae. Sallie Mae did not reply. On December 5, 2006, counsel for the

---

[3] This conclusion is reached by dividing the monthly payment amount under the plan, $700.00, into the total amount paid to claimants plus the trustee's allowance, $38,500.00 (=$35,436.61 + $3,063.39).

[4] There is no indication in the record why the Trustee's final report indicates that claims 6, 7, and 9 were allowed and paid in amounts that were less than the amounts of each on the three proofs of claim. There were no objections filed to these three proofs of claims and no order issued reducing the allowed amount of any of these proofs of claim.

Debtor sent a second request to Sallie Mae requesting it to send to the debtor copies of the original loan agreement and the transactional history of the servicing of the loan from its inception.[5] Sallie Mae responded by sending the copies of the original loan agreement and two pages each of which was entitled "Declining Balance Payment History".[6] The first such page ("Payment History One") indicates that the Debtor owed Sallie Mae $4,854.54 as of October 18, 2000. The last entry on Payment History One indicates that the Debtor owed Sallie Mae $00.00 on May 17, 2001. The second such page ("Payment History Two") indicates that on May 22, 2006, the Debtor owed Sallie Mae $5,855.92. There is no documentation in this response indicating what transactions transpired between October 18, 2000, and May 22, 2006, that caused the debt to increase from $0.00 to $5,855.92. Sallie Mae did not provide the Debtor with any other documentation.

Sallie Mae asserts that the Debtor now owes it $8,135.19, including $184.40 in interest and $1,539.68 in costs. On June 25, 2007, the Plaintiff filed a complaint initiating this adversary proceeding to determine the amount owed to Sallie Mae.[7]

*Discussion.*

In order to resolve this dispute, it is necessary to determine the following: (1) the amount of Sallie Mae's claim on the date of petition; (2) the amount of that claim that was paid through the plan and the amount that remained due under student loan promissory notes at the end of the plan payments; (3) the amount and effect of any refund made to the Debtor indirectly through the Chapter 13 trustee by Sallie Mae and the Sallie Mae Affiliates; and (4) whether the Debtor owes

---

[5]   See Joint Exhibit 4.

[6]   See Joint Exhibit 4.

[7]   These facts are summarized in an appendix affixed to the end of this memorandum.

4

any costs or interest to Sallie Mae.

*The Sallie Mae Total Allowed Claim.* A claim, proof of which is filed under Section 501, is deemed allowed, unless a party in interest objects. 11 U.S.C. § 502(a). A proof of claim is presumed to be prima facie valid. The presumption may be overcome by the objecting party only if it offers evidence of equally probative value in rebuttal. In re Holm, 931 F.2d 620, 623 (9th Cir. 1991); In re Fullmer, 962 F.2d 1463, 1466 (10th Cir. 1992); In re Allegheny International, Inc., 954 F.2d 167, 173-74 (3rd Cir. 1992).

Sallie Mae filed five proofs of claim, two of which were disallowed. There were no objections to the other three proofs of claim. So each of those three claims was, and is, deemed allowed in its full amount. The total amount of the three allowed proofs of claim was $15,544.58. The Trustee's Final Report lists the total amount of the three claims at $13,419.99. The Trustee's Final Report, however, cannot unilaterally reduce the amount of an allowed claim. So this amount has no bearing on the actual amount of each of the three claims. The three claims, nos. 6,7, and 9 are allowed in the total amount of $15,544.58.

*Amount Paid and Amount owed on Account of Sallie Mae's Claim after the Debtor Performed as required under the Plan.* The Trustee's Final Report indicates that a total of $13,369.99 was paid to Sallie Mae and Sallie Mae affiliates during the pendency of the chapter 13 plan. Sallie Mae's claim must be reduced by this amount. The principal amount owed to Sallie Mae was $2,174.59 (=$15,544.58 - $13,369.99.) as of the date the chapter 13 trustee finished making payments under the plan but before the chapter 13 trustee had made any refunds to the Debtor.

*The Amount and Effect of the Refund.* During the pendency of the plan, or shortly

5

thereafter one or more of Sallie Mae's affiliates returned a total of $2,562.68 to the trustee who in turn refunded it to the Debtor.[8]  The Debtor cannot receive credit for this even though the Court is thoroughly convinced that the refund was caused primarily by the failure of Sallie Mae to fulfill its duty to file an assignment of claim for claim no. 7 and claim no. 9.  Sallie Mae filed an assignment of claim for Claim no. 6 assigning the claim to USAF, the guarantor of that claim.  If it had assigned the other two claims to their respective guarantors, then the chapter 13 trustee would have paid the "correct" creditor and there would have been no improper refunds to the chapter 13 trustee.

While the Debtor was not at fault for the return of funds to the chapter 13 trustee, she cannot keep the money refunded to her and, at the same time, claim that she paid it to Sallie Mae.  This amount must be added to the amount that the Debtor owes to Sallie Mae.  The total amount of principal owed by the Debtor to Sallie Mae, then, is $4,737.27 ( = $2,174.59 + $2,562.68).

*Interest and Costs.*  The Debtor and the Defendants agree that some amount of interest has accrued to date since the filing of the plan.  Sallie Mae asserts that the amount of interest is $184.40.  The Debtor has not objected to that amount.   Interest is set at $184.40.

Sallie Mae also asserts that it is owed costs by the Debtor.   Sallie Mae has not provided any statutory or factual basis for the accrual of these costs.  As noted, the Debtor, before filing this adversary proceeding requested from Sallie Mae an accounting of the alleged indebtedness.

---

[8] The chapter 13 trustee refunded a total of $4,091.21 to the Debtor.  The evidence indicates that $2,526.68 of this amount came from the money refunded by Sallie Mae to the chapter 13 trustee.  Because of prior errors in the record, and because he received three notices that claims had been paid in full, the chapter 13 trustee logically believed that all of the Sallie Mae claims had been paid in full.  As it turned out, the reason that he had received three notices that the claims had been paid full resulted from the practice of Sallie Mae and its affiliates to assign claims without advising either the Clerk of the Bankruptcy Court or the chapter 13 trustee.

As noted, no such accounting was ever provided.

At the hearing on this matter, the court asked counsel for the Defendants to provide "a detailed account [of] how everything took place from the start to the finish; when they were paid; who paid them; and what [actually occurred]".  This request clearly requires more than ledger account totals; it requires journal entries that include the name of each loan holder, the dates and amounts of each payment made by the Debtor on each account, the date and amount of interest accrued on each account, the date and amount of costs assessed against each account, as well as the balance after the posting of each transaction.

It is not sufficient for the Defendants to simply provide a summary sheet that mirrors the amount in the prayer for relief.  But that is all the Defendants filed with the Court, even after the specific request at the end of the hearing.  That is all that the Defendants ever provided to the Debtor.

Sallie Mae and other student loan lenders have been granted favorable status under the bankruptcy code.  Their claims are non-dischargeable under almost any factual situation.  <u>See</u> 11 U.S.C. § 523(a)(8).   Interest continues to accrue on their claims even though that is not the case for other for other priority claimants.  This favorable status, however, does not absolve such entities of their duty to provide evidence supporting a record on which the court may accurately determine the amount of claims during the pendency of the bankruptcy case or the amount of debts thereafter. Sallie Mae will not be awarded any costs.[9]

A judgment shall issue awarding the Defendants $4,737.27 in principal and $184.40 in

---

[9] Any statutory costs that may have accrued after this bankruptcy case was closed resulted originally and primarily from the failure of Sallie Mae to effect its duty to file accurate assignments of claims.  Consequently, even if there were evidence concerning the accrual of statutory or other costs, this court would deny the request for these costs, if otherwise permitted by law.

interest.

Upon entry of this memorandum, the Clerk shall forward copies to Stephen E. Dunn, Esq., counsel for the debtor and James C. Joyce, Jr., Esq., counsel for Sallie Mae and ECMC.

Entered on this 2nd day of May, 2008.

_____
William E. Anderson
United States Bankruptcy Judge

Appendix #1: Allowed Claims Summary

| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 |
|---|---|---|---|---|---|---|---|---|---|---|
| # | Claimant | Guarantor | Assigned by Sallie Mae & recorded with the Clerk | Amount of Claim[10] | Amount of Claim per the Ch. 13 trustee. | Payee Per Report of the Ch. 13 Trustee: | Amount Paid | Payee Per Sallie Mae | Amount Paid per Sallie Mae | Refund of overpayment to the trustee. |
| 6 | Sallie Mae | USAF[11] | USAF | $8,126.72 | $ 7,605.72 | USAF[12] | $ 7,605.72 | USAF | $9,883.31 | $1,756.59 |
| 7 | Sallie Mae | NJHEAA[13] | None | $2,680.59 | $ 2,277.59 | U.S.A. Group Guarantee Ser. [14] | $ 2,277.59 | NJHEAA | $3,536.68 | $ 806.09 |
| 9 | Sallie Mae | ECMC[15] | None | $4,737.27 | $ 3,536.68 | NJHEAA[16] | $ 3,536.68 | ECMC | $00.00 | $00.00 |
| | Totals | | | $15,544.58 | $13,419.99 | | $13,419.99 | | $13,419.99 | $2,562.68 |

---

[10] See Claims Register.

[11] See Defendants' post-trial brief, p [2].

[12] Joint Exhibit 6. Trustee's Disbursement Statement for claim no. 6.

[13] See Defendants' post-trial brief, p [2].

[14] Joint Exhibit 7. Trustee's Disbursement Statement for claim no. 7.

[15] See Defendants' post-trial brief, p [2].

[16] Joint Exhibit 6[sic]. Trustee's Disbursement Statement for claim no. 9.

9